[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OBJECTION TO REQUEST FOR DISCLOSURE AND PRODUCTION (#102)
 I STATEMENT OF THE CASE
This action arises out a claim for uninsured and underinsured motorist benefits. The plaintiff, Timothy Perras, filed an amended four count complaint[1] against the defendant, Allstate Insurance Company, alleging breach of contract, bad faith, unfair trade practices, unfair claim settlement practices, reckless and willful misconduct. On April 8, 2002, the defendant filed an objection to the plaintiff's interrogatories and requests for production. On April 18, 2002, the plaintiff filed a memorandum in response to the defendant's objection. On May 10, 2002, the plaintiff's attorney filed an affidavit stating therein his efforts in attempting to resolve the defendant's discovery objections.
 II ARGUMENT
The defendant objects to the plaintiff's interrogatories and requests for production on the grounds that the requests are irrelevant to the issues pleaded and the answers sought do not concern admissible evidence. In addition, under Practice Book § 13-3(a) the defendant concern admissible evidence. In addition, under Practice Book § 13-3
(a) the defendant argues that a court may not order disclosure of the impressions, conclusions or legal theories of an attorney or other representative of a party concerning the litigation in question.
In response, the plaintiff argues that he is not limited to interrogatories and requests for production set forth in Practice Book Forms 106.10A [amended as 201] and 106.11A [amended as 204] because the cause of action sounds in contract and not in tort. As such, the CT Page 11949 plaintiff contends that the "standard interrogatories" and "standard requests for production" do not apply and, therefore, he is able to file "non-standard" discovery requests in accordance with Practice Book §§13-6 and 13-9 without requesting the court's approval. In addition, the plaintiff argues that the defendant's objections are inadequate and improper in form. Furthermore, the plaintiff notes that the defendant failed to specifically state how each interrogatory and production request is irrelevant or privileged as attorney-client communications and, or work product. Lastly, the plaintiff maintains that all thirty interrogatories and eleven requests for production seek relevant and nonprivileged information from the defendant.
 III LAW
Discovery is generally governed by chapter thirteen of the Practice Book. The present controversy involves Practice Book §§ 13-6(b) and § 13-9 (a). Practice Book § 13-6(b) provides that "[i]n all personal injury actions alleging liability based on the operation or ownership of a motor vehicle . . . the interrogatories served shall be limited to those set forth in Forms 201, 202 and/or 203 of the rules of practice, unless upon motion, the judicial authority determines that such interrogatories are inappropriate or inadequate in the particular action." Similarly, in regard to requests for production, § 13-9 (a) provides that "[i]n all personal injury actions alleging liability based on the operation or ownership of a motor vehicle . . . the requests for production shall be limited to those set forth in Forms 204, 205 and/or 206 of the rules of practice, unless, upon motion, the judicial authority determines that such requests for production are inappropriate or inadequate in the particular action."
The present case is not a personal injury action as contemplated by or within the meaning of §§ 13-6 and 13-9. "An action to recover under an automobile insurance policy . . . is not an action in tort but, rather, an action in contract. The obligation of [an] insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a contractual obligation arising under the policy of insurance." (Emphasis in original; internal quotation marks omitted.) Mazziotti v. Allstate Ins. Co., 240 Conn. 799,817, 695 A.2d 1010 (1997). "By definition, an underinsured motorist case is a contract action based on the insurance policy issued by the defendant to its insured." Strom v. Middlesex Mutual Assurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 382312 (November 30, 2001, Stevens, J.) (30 Conn.L.Rptr. 725). "[T]he CT Page 11950 design and intent of the standard discovery make it quite plain that in too many respects, this discovery is insufficient to address the issues of an underinsured motorist case." Id. Accordingly, this court agrees with the opinions of other Superior Court judges who have held that parties in uninsured and underinsured motorist cases are not required to obtain the court's permission prior to the filing of nonstandard interrogatories. See Lugo v. National Casualty Insurance, Superior Court, judicial district of New Haven at New Haven (January 30, 2002,Robinson, J.) (31 Conn.L.Rptr. 322); see also Caldwell v. Shelby Ins.Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 056454 (October 19, 1998, Flynn, J.) (23 Conn.L.Rptr. 302).
The defendant also objects to the plaintiff's discovery request on the ground that the request seeks privileged attorney-client or work product material. The defendant's objection fails to provide specific reasons to the plaintiff's requests. Rather, the defendant pleads a general and overly broad statement that "the judicial authority shall not order disclosure of the mutual impressions, conclusions, or legal theories of an attorney or other representative of a party concerning the litigation." (Defendant's Objection to Plaintiff's Request).
"The attorney/client privilege recognized at common law is not, in fact, a general protection of all transactions that involve an attorney and a client, nor can all of the facts a party knows be immunized from discovery merely by telling them to a lawyer. Rather, what is privileged are the communications between client and attorney when made in confidence for the purpose of seeking or giving legal advice." Strom v.Middlesex Mutual Assurance Co., supra, Superior Court, Docket No. 382312, citing Olson v. Accessory Controls Equipment Corp.,254 Conn. 145, 158, 757 A.2d 14 (2000); Ullman v. State, 230 Conn. 698,713, 647 A.2d 324 (1994); Doyle v. Reeves, 112 Conn. 521, 523,112 Conn. 521 (1931). "The attorney-client privilege is strictly construed because it tends to prevent a full disclosure of the truth in court." (Internal quotation marks omitted.) Ullman v. State, supra,230 Conn. 710. Our Supreme Court's approach is "to apply the privilege where the communications at issue are inextricably linked to the giving of legal advice." (Internal quotation marks omitted.) Olson v. AccessoryControl Equipment Corp., supra, 254 Conn. 163-4.
Pursuant to Practice Book § 13-3(a), materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" are not subject to discovery unless the party seeking discovery makes "a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the CT Page 11951 substantial equivalent of the materials by other means." Section 13-3 (a), however, provides that the "mental impressions, conclusions, opinions, or legal theories of an attorney . . . concerning the litigation" are exempt from discovery. "Where a client and counsel have worked together on the creation of documents, the attorneys participation must have been with regard to duties normally attended to by attorneys and even such participation does not necessarily make a document immune to discovery." (Citations omitted; internal quotation marks omitted.)Strom v. Middlesex Mutual Assurance Co., supra, Superior Court, Docket No. 382312.
Reports and information prepared by insurance companies as part of their investigation of a claim prior to litigation are generally held to be discoverable and not subject to these privileges. See, e.g., Page v.Dimaggio Plumbing Heating, Superior Court, judicial district of Danbury, Docket No. 334003, (November 15, 2000, Hiller, J.); Litwak v.Lemons, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 250838 (June, 19, 1990, Jones, J.) (1 Conn.L.Rptr. 778). At this time, it is clear that all of the materials requested are not protected by such privileges and the defendant cannot refuse to produce anything responsive to the specific discovery requests at issue simply because some of it may be protected. "The burden rests on the defendant to establish that responsive information or documents are protected from production, and this burden cannot be met by broad, generalized claims that a privilege applies." Strom v. Middlesex Mutual Assurance Co., supra, Superior Court, Docket No. 382312; see also State v. Hanna,150 Conn. 457, 466, 191 A.2d 124 (1963) (burden of proving facts essential to attorney-client privilege is on person asserting it). Thus, as to this issue, the court overrules without prejudice the defendant's objections based on the attorney-client and work product privileges.
 IV CONCLUSION
For the foregoing reasons the defendant's objections to the plaintiff's request for interrogatories and production are overruled. The defendant must file it's answers to plaintiff's interrogatories pursuant to Practice Book § 13-8(b) within twenty days of this court's ruling. As to the defendant's objections based on the attorney-client and work product privileges, the defendant has leave to reassert these claims with particularity as part of it's response to the plaintiff's production request. CT Page 11952
 ______________________________ Francis J. Foley, III Judge of the Superior Court